**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VITO MANENTE and DENISE MANENTE,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 22-cv-7524<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court are (1) plaintiffs Vito Manente ("Vito") and Denise Manente's ("Denise," and collectively with Vito, "Plaintiffs")[1] motion for summary judgment under Federal Rule of Civil Procedure 56, ECF No. 36 ("Pls. Moving Br."), and (2) defendant United States of America's (the "United States" or the "Government") partial motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and partial motion for summary judgment under Rule 56, ECF No. 48; *see* ECF No. 48-1 ("Gov't Moving Br."). Both parties opposed the other's motion, *see* ECF No. 51 ("Pls. Opp'n"); ECF No. 52 ("Gov't Opp'n"), and both parties replied in turn,[2] *see* ECF No. 53 ("Pls. Reply Br."); ECF No. 54 ("Gov't Reply Br."). The Court decides the motions without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will grant the Government's motion and deny Plaintiffs' motion.[3]

[1] The Court uses "first names for ease of reference, intending neither disrespect nor any indication of familiarity." *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 189 n.1 (3d Cir. 2019).

[2] Plaintiffs also submitted several supplemental submissions styled as "brief[s] in support of complaint." *See, e.g.*, ECF Nos. 56, 59, 71. These submissions appear to be improper sur-replies. *See* L. Civ. R. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge to whom the case is assigned."). Nonetheless, the Court will consider them.

[3] Also before the Court is Plaintiffs' motion requesting that the Court take judicial notice of *Moore v. United States*, 602 U.S. 572 (2024), *see* ECF Nos. 76–77, which the Court will grant, *see Johnson v. Allegheny Cnty.*, No. 14-857, 2014 WL 5513769, at *2 n.2 (W.D. Pa. Oct. 31, 2014). That said, *Moore* dealt with the constitutionality of the mandatory repatriation tax, a "one-time

## I. BACKGROUND[4]

This matter arises out of Plaintiffs' tax returns and the Internal Revenue Service's ("IRS") assessment of frivolous filing penalties against Plaintiffs. Plaintiffs both seek to "recover moneys [that they believe the IRS] wrongfully withheld" from them, ECF No. 24 ¶ 1, specifically frivolous filing penalties the IRS imposed for tax years 2012 to 2019, Gov't SMF ¶¶ 13–14; Pls. SMF ¶¶ 1, 10, 12, 14–15; *see also* ECF No. 24 ¶¶ 13–18; ECF No. 30 ¶¶ 13–18.

Vito and Denise were married during the relevant period for this action, 2012 through 2019. *See* Pls. SMF ¶¶ 2, 6, 9, 14; ECF No. 24 ¶¶ 9–18; ECF No. 30 ¶¶ 9–18; *see also* ECF No. 48-19 ("Vito Dep.") at 12:18–13:6. Between 2012 and 2018, Denise "was a senior meeting technology advisor at Cvent," and between 2012 and 2019, Vito was "an internal audit manager in various temporary and contract positions." Gov't SMF ¶¶ 6–7; Pls. CSMF ¶¶ 6–7. During the relevant period, Plaintiffs both received money in exchange for their employment. Gov't SMF ¶ 8; *see, e.g.*, Vito Dep. at 17:25–20:2; ECF No. 48-18 ("Denise Dep.") at 12:10–12, 26:24–27:1. Plaintiffs filed joint federal tax returns for tax years 2012, 2014, 2015, 2016, and 2018, and Vito filed a separate tax return for the 2019 tax year. *See* ECF Nos. 48-15, 48-16; *see also* ECF No. 24 ¶¶ 8–18; ECF No. 30 ¶¶ 8–18. In all of those filings, Plaintiffs reported zero dollars in wages.[5] Gov't SMF ¶¶ 2, 4–5; Vito Dep. at 31:21–25, 33:20–34:8, 38:17–39:12, 41:7–42:8, 45:4–9, 47:3–8,

---

pass-through tax on some American shareholders of American-controlled foreign corporations," and has no effect on the outcome of this case. *Moore*, 602 U.S. at 579.

[4] For purposes of summary judgment, background facts come from the pleadings, evidence, the parties' statements of undisputed material facts pursuant to Local Civil Rule 56.1, and their counterstatements thereto. *See* Pls. Moving Br. at 9–11 ("Pls. SMF"); ECF No. 48-2 ("Gov't SMF"); ECF No. 52-1 ("Gov't CSMF"); ECF No. 80 ("Pls. CSMF"); ECF No. 84 ("Gov't Reply to Pls. CSMF"). The Court notes that, because the Government has moved to dismiss certain claims under Rule 12(b)(1), the Court may consider evidence beyond the pleadings, as explained below.

[5] Some of those filings were amended to reflect Plaintiffs' belief that they had earned zero dollars in wages. *See, e.g.*, Gov't SMF ¶¶ 1–5.

49:18–22, 54:15–23, 56:15–21, 58:4–20, 59:17–25, 62:3–14, 77:9–15, 81:20–83:11, 85:24–86:13, 88:24–89:11; Denise Dep. at 19:23–20:13, 22:7–24:14, 26:19–27:3, 31:10–32:3; ECF No. 48-16 at 4–16.

In response to Plaintiffs' 2012, 2015, and 2016 tax returns, the IRS sent Plaintiffs letters, Gov't SMF ¶ 9, which advised Plaintiffs that their returns "claimed one or more frivolous positions or reflected a desire to delay or impede the administration of the tax laws," ECF Nos. 48-9, 48-10, 48-11. The letters further stated that the IRS would "assess a $5,000 penalty" if they failed to correct their return. ECF Nos. 48-9, 48-10, 48-11. After Plaintiffs responded to the IRS's letters, ECF Nos. 48-13, 48-14, the IRS assessed the following frivolous filing penalties:

| **Vito** | |
|---|---|
| **Tax Year** | **Frivolous Filing Penalty Assessed (Date of Assessment)** |
| 2012 | $5,000 (Apr. 22, 2019) |
| 2014 | $5,000 (Apr. 22, 2019) |
| 2015 | $5,000 (Oct. 2, 2017) |
| 2016 | $5,000 (Oct. 23, 2017) |
| 2018 | $5,000 (June 28, 2021)<br>$5,000 (Dec. 19, 2022) |
| 2019 | $5,000 (Feb. 21, 2022) |

| **Denise** | |
|---|---|
| **Tax Year** | **Frivolous Filing Penalty Assessed (Date of Assessment)** |
| 2012 | $5,000 (Apr. 22, 2019) |
| 2014 | $5,000 (Apr. 22, 2019) |
| 2015 | $5,000 (Oct. 1, 2017) |
| 2016 | $5,000 (Oct. 23, 2017) |
| 2018 | $5,000 (June 28, 2021) |

Gov't SMF ¶¶ 13–14. Sometime before or around March 6, 2023, Plaintiffs satisfied the frivolous filing penalties assessed against Vito for tax years 2012, 2015, and 2016. *Id.* ¶ 14.

Plaintiffs do not appear to dispute that the IRS assessed frivolous filing penalties against them or that they failed to report income in any of the relevant tax years. *See generally* Pls. SMF;

*see also* ECF No. 24 ¶¶ 13–18; ECF No. 30 ¶¶ 13–18. Instead, Plaintiffs state that these penalties "are all based on fraud by the IRS." Pls. SMF ¶ 16; *see also* ECF No. 24 ¶¶ 1, 27–29; Pls. Moving Br. at 7 ("The IRS['s] position . . . [is] an intentional fraud against the Plaintiffs."). Based on their belief that the IRS lacked "any legal bases for the penalties assessed," Pls. SMF ¶ 17, Plaintiffs brought claims under 26 U.S.C. § 7422 for refunds of frivolous return penalties assessed against them for tax years 2012, 2014, 2015, 2016, 2018, and 2019, ECF No. 24.

Plaintiffs filed their initial complaint on December 27, 2022. ECF No. 1. The Government answered on March 30, 2023. ECF No. 11. Plaintiffs then amended their complaint on November 14, 2023, ECF No. 24, and after completing discovery, *see* ECF Nos. 29, 32, Plaintiffs filed their summary judgment motion on April 29, 2024, ECF No. 36. The Government filed its motion to dismiss in part for lack of jurisdiction and for partial summary judgment on July 15, 2024. ECF No. 48.

## II. LEGAL STANDARD

### A. The Rule 12(b)(1) Standard

A Rule 12(b)(1) motion attacks a district court's subject-matter jurisdiction and comes in two forms: facial and factual. *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014); Fed. R. Civ. P. 12(b)(1). A factual challenge, as the Government makes here, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (alteration in original) (citation omitted). In evaluating a factual challenge, a district court may "consider evidence outside the pleadings."[6] *Id.* (citation omitted). And when a party makes a factual challenge, the plaintiff has the burden of establishing jurisdiction. *Id.*

[6] A facial attack, on the other hand, "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject[-]matter jurisdiction of the court." *Aichele*, 757 F.3d at

**B. The Rule 56 Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'" *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (citation omitted); *see SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 203–04 (3d Cir. 2022). "In considering a motion for summary judgment, a district court may not make credibility determinations or . . . weigh[] . . . the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citation omitted).

This standard does not change when both parties move for summary judgment. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016). "When both parties move for summary judgment, '[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Id.* (alteration in original) (citation omitted).

**III. <u>DISCUSSION</u>**

Plaintiffs move for summary judgment on all of their refund claims. Pls. Moving Br. at 8. The Government moves (1) to dismiss for lack of subject-matter jurisdiction Plaintiffs' refund claims for (a) the penalties assessed against Denise for tax years 2012, 2014, 2015, 2016, and 2018 and (b) the penalties assessed against Vito for tax years 2014, 2018, and 2019 (the "Unpaid Refund Claims") and (2) for summary judgment on Plaintiffs' refund claims for the penalties assessed

358; *see also In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("In reviewing a facial challenge, which contests the sufficiency of the pleadings, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" (citation omitted)).

against Vito for tax years 2012, 2015, and 2016 (the "Satisfied Refund Claims"). Gov't Moving Br. at 1–2, 5, 7. For the reasons stated below, the Court will grant the Government's motion and deny Plaintiffs' motion.

**A. The Unpaid Refund Claims**

The Court lacks subject-matter jurisdiction over the Unpaid Refund Claims. "The jurisdictional basis for refund claims is 28 U.S.C. § 1346, a statute that permits taxpayers to file suit against the government for a 'tax alleged to have been erroneously or illegally assessed or collected . . . .'"[7] *Komlo v. United States*, 657 F. App'x 85, 87 (3d Cir. 2016) (quoting 28 U.S.C. § 1346(a)(1)); *see also Tinnerman v. United States*, No. 21-14023, 2022 WL 3654844, at *4 (11th Cir. Aug. 25, 2022) (noting that § 1346(a)(1) waives the United States' sovereign immunity for tax refund suits if certain conditions are met). To establish jurisdiction in a district court under § 1346, "a taxpayer must pay the full amount of a tax assessment or penalty before he can challenge its validity." *Komlo*, 657 F. App'x at 87 (citing *Flora v. United States*, 357 U.S. 63, 72–73, 75 (1958)). Otherwise, if the taxpayer "wishes to contest the validity of an asserted assessment prior to paying it, [he] may do so in the Tax Court," but not in a federal district court. *Id.* at 87 n.5; *see also Ochsner v. United States*, No. 06-219, 2006 WL 2226346, at *2 (D.N.J. Aug. 2, 2006).

[7] To the extent Plaintiffs seek to invoke 26 U.S.C. § 7426, *see, e.g.*, ECF No. 24 ¶ 1, that provision does not authorize Plaintiffs' claims. "Section 7426 allows a *third party* that has an interest in the levied property to bring suit." *CCS Trans, Inc. v. U.S. Dep't of Treasury*, No. 14-2332, 2015 WL 5102753, at *3 n.2 (N.D. Ohio Aug. 31, 2015) (emphasis added); *see, e.g.*, *Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. v. United States*, No. 22-2129, 2024 WL 3234000, at *4–11 (D. Md. June 28, 2024). First, Plaintiffs do not point to any evidence that the IRS has levied property to collect the penalties associated with the Unpaid Refund Claims. 26 U.S.C. § 7426(a)(1); *see id.* § 7701(a)(21) ("The term 'levy' includes the power of distraint and seizure by any means."). Second, even putting that issue aside, neither Vito nor Denise identifies any interest in or lien on any such property. 26 U.S.C. § 7426(a)(1). Third, and most importantly, § 7426 does not provide a vehicle for challenging the underlying assessments, which must be conclusively presumed valid in an action under that section. *See* 26 U.S.C. § 7426(c); *see also Komlo*, 657 F. App'x at 88.

Here, at the time of filing their amended complaint,[8] Plaintiffs did not pay the frivolous filing penalties assessed against Denise for tax years 2012, 2014, 2015, 2016, and 2018, or assessed against Vito for tax years 2014, 2018, and 2019. Therefore, the Court lacks subject-matter jurisdiction over those refund claims and must grant the Government's Rule 12(b)(1) motion as to these refunds. *See Komlo*, 657 F. App'x at 87–88 (finding that the district court "properly dismissed [plaintiff's] refund claim" because he had not paid the "asserted deficiency" (quoting *Koss v. United States*, 69 F.3d 705, 708 (3d Cir. 1995))); *Manente v. United States*, No. 23-1046, 2025 WL 79697, at *3 (D.N.J. Jan. 13, 2025) (dismissing Vito's complaint in another civil action for refund of IRS penalties assessed because Vito had not satisfied the "full-payment rule"); *Ochsner*, 2006 WL 2226346, at *2; *Sandler v. United States*, No. 83-1998, 1983 WL 207, at *3

[8] In January 2025, Plaintiffs filed two letters with the Court. ECF Nos. 63, 65. In those letters, Plaintiffs stated that they had paid off Vito's frivolous filing penalties (and all relevant interest) for the tax years 2012, 2014, 2018, and 2019. ECF Nos. 63, 65. After the Court directed the parties to meet and confer, ECF No. 66, the parties informed the Court that Vito's IRS records for tax years 2012, 2014, 2018, and 2019 "show that payments were made on Vito['s] accounts as described in" Plaintiffs' January 2025 filings, ECF No. 67.

Plaintiffs' payment of the penalties assessed against Vito for tax years 2014, 2018, and 2019 after the filing of their now-operative amended complaint, ECF No. 24, does not change the Court's analysis. *See Akers v. United States*, No. 10-1719, 2012 WL 4794318, at *2 (D. Conn. Oct. 9, 2012) ("Payment of Mrs. Akers's 2002 income tax bill nearly two years after the filing of this suit cannot cure the jurisdictional defect that existed at the time the complaint was filed."). As noted just above, § 1346(a)'s grant of subject-matter jurisdiction for refund claims hinges on the plaintiff "fully pa[ying] the challenged tax assessment." *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (citing *Flora*, 357 U.S. at 75–76). Plaintiffs have not properly "cured the obvious lack of subject[-]matter jurisdiction present" when they filed the amended complaint. *Id.* at 1212; *cf. Oom Inc. v. United States*, No. 22-2762, 2023 WL 5337150, at *4 (D.N.J. Aug. 18, 2023) (finding subject-matter jurisdiction over refund claims where plaintiffs failed to exhaust administrative remedies under 26 U.S.C. § 7422 before filing their initial complaint, but—unlike Plaintiffs here—cured that issue before filing their then-operative amended complaint); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 480 (1994) (noting that sovereign immunity waivers "are to be read narrowly in favor of the sovereign"). However, even if the Court were to find that it had subject-matter jurisdiction over these claims, the claims would be subject to dismissal on summary judgment for the reasons stated in Section III.B.

(D.N.J. Dec. 5, 1983) ("[W]e follow the logic of *Flora* in finding that the taxpayers must satisfy their liability to the IRS before they may seek a refund in this court. Accordingly, this suit will be dismissed."). And because the Court grants the Government's Rule 12(b)(1) motion, it must deny Plaintiffs' motion for summary judgment as to these refunds. *See In re Hechinger Inv. Co. of Del., Inc.*, 335 F.3d 243, 249 (3d Cir. 2003) ("When subject[-]matter jurisdiction is at issue, a federal court is generally required to reach the jurisdictional question before turning to the merits."); *see, e.g.*, *Castellanos v. City of Reno*, No. 19-693, 2024 WL 229669, at *1 (D. Nev. Jan. 22, 2024) (first addressing a Rule 12(b)(1) motion and then addressing a motion for partial summary judgment).

**B. The Satisfied Refund Claims**

The Court will grant summary judgment in favor of the Government and deny Plaintiffs' summary judgment motion on Plaintiffs' Satisfied Refund Claims. 26 U.S.C. § 6702(a) provides that

> [a] person shall pay a penalty of $5,000 if (1) such person files what purports to be a return of a tax imposed by this title but which (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or (B) contains information that on its face indicates that the self-assessment is substantially incorrect, and (2) the conduct referred to in paragraph (1) (A) is based on a position which the Secretary has identified as frivolous under subsection (c), or (B) reflects a desire to delay or impede the administration of Federal tax laws.

26 U.S.C. § 6702(a). Subsection (c), in turn, provides that the "Secretary shall prescribe (and periodically revise) a list of positions which the Secretary has identified as being frivolous for purposes of this subsection." *Id.* § 6702(c); *see also id.* § 7701(a)(11) (defining "Secretary" as "the Secretary of the Treasury or his delegate"). And where, as here, a penalized individual files an action in a district court challenging a penalty assessed under 26 U.S.C. § 6702, the Government bears the burden of proof. *See HDH Grp., Inc. v. United States*, --- F. Supp. 3d ---, 2026 WL 2906445, at *12 (W.D. Pa. Sept. 28, 2026) (citing 26 U.S.C. § 6703(a)). With that background in

mind, the Court will evaluate each party's summary judgment motion in light of the Government's statutory burden, construing the evidence in the light most favorable to the nonmoving party.

**1. Plaintiffs' Summary Judgment Motion**

The Court must deny Plaintiffs' motion for summary judgment as to the Satisfied Refund Claims. Plaintiffs do not dispute that they filed returns for tax years 2012, 2015, and 2016. Nor do they appear to contest, as a general matter, the IRS's ability to assess frivolous filing penalties. *See, e.g.*, Pls. Moving Br. at 5–6. Instead, Plaintiffs move for summary judgment because they believe the IRS's frivolous fee assessments were based on the IRS's erroneous view that Vito attributed income to a religious organization. *Id.* at 8 ("The IRS's claim is for penalties which accuse the Plaintiffs of filing as a religious organization. The accusation is false. . . . [T]hese penalties which are based on fraud are implemented to intimidate, punish and impede a citizen from filing an educated claim.").

Plaintiffs' position relies on an unreasonable view of the evidence, particularly when the Court considers the evidence in the light most favorable to the Government (*i.e.*, the non-moving party with respect to Plaintiffs' motion). *Auto-Owners*, 835 F.3d at 402. Pursuant to Freedom of Information Act requests, Plaintiffs received several forms from the IRS, including several IRS 8278 forms (the "8278 Forms"). ECF No. 24 ¶¶ 24–25; ECF No. 30 ¶¶ 24–25. An IRS 8278 form documents the "written supervisory approval of the frivolous filing" penalty assessed against a tax filer. *United States v. Ford*, No. 17-187, 2018 WL 4735727, at *1 (E.D. Cal. Sept. 28, 2018). The 8278 Forms here referred to "Argument 44," which Plaintiffs contend is a reference to item number 44 in the IRS's Notice 2010-33. Pls. Moving Br. at 7–8. Item 44 of the IRS's Notice 2010-33 identifies the following position as frivolous:

> (44) A taxpayer's income is not taxable if the taxpayer assigns or attributes the income to a religious organization (a "corporation sole" or ministerial trust) claimed to be tax-exempt under section 501(c)(3), or similar arguments described as frivolous in Rev. Rul. 2004–27, 2004–1 C.B. 625.

*Id.* (quoting I.R.S. Notice 2010-33, Frivolous Positions, 2010-17 I.R.B. 609 (2010)).

But the 8278 Forms' references to "Argument 44" are references to "ARG 44" of the Internal Revenue Manual's ("IRM") section on the "Identification of Frivolous Submissions," which corresponds to "Zero Wages on a Substitute Form." Internal Revenue Manual, 25.25.10.2(5), 2007 WL 9850312 (Aug. 4, 2021). Indeed, the Government's responses to Plaintiffs' interrogatories explicitly state as much, Pls. Moving Br. at 5, 7, and the IRM itself specifies that 8278 forms should be filled out using the argument numbers listed in the IRM's "Identification of Frivolous Submissions" section. *See* Internal Revenue Manual, 25.25.10.11.2(2), 2007 WL 9953751 (Sept. 12, 2019); *see also Varela v. Comm'r of Internal Revenue*, T.C.M. (RIA) 2024-092 (T.C. 2024) ("As respondent observes: 'ARG CD 44' corresponds to 'Argument Codes' (i.e., an enumerated list of frivolous arguments) identified in the Internal Revenue Manual (IRM)."), *aff'd*, No. 24-7853, 2026 WL 1103440 (9th Cir. Apr. 23, 2026). As such, Plaintiffs' position that the 8278 Forms' mention of Argument 44 refers to frivolous positions related to religious exemptions is purely speculative. Therefore, the Court must deny Plaintiffs' motion for summary judgment. *See Corsage Collection, Inc. v. GN Diamond, LLC*, No. 06-382, 2009 WL 838313, at *9 (E.D. Pa. Mar. 27, 2009) ("Summary judgment cannot be granted on [a party's] speculations.").

### 2. The Government's Summary Judgment Motion

The Court will grant summary judgment in favor of the Government on Plaintiffs' Satisfied Refund Claims. The IRS assessed frivolous filing penalties on Vito because, despite earning money through employment, he represented to the IRS that he had $0 in income or wages during

the relevant tax years. Gov't SMF ¶¶ 2, 4–8; *see also, e.g.*, ECF No. 48-3; ECF No. 48-6; Vito Dep. at 31:21–25, 33:20–34:8, 38:17–39:12, 41:7–42:8, 45:4–9, 47:3–8, 49:18–22, 54:15–23, 56:15–21, 58:4–20, 59:17–25, 62:3–14, 77:9–15, 81:20–83:11, 85:24–86:13, 88:24–89:11. In their correspondence with the IRS, Plaintiffs justified this portion of their filing by stating that they were not (1) officers, employees, or elected officials of (a) the United States, (b) any State or any political subdivision thereof, or (c) the District of Columbia (or any agency or instrumentality of any of the foregoing) or (2) officers of corporations. *See, e.g.*, ECF Nos. 48-7, 48-8; *see also* Vito Dep. at 32:4–33:21, 35:25–36:11, 86:7–13 (citing Plaintiffs' brief in support of the complaint, ECF Nos. 8, 56). But the Secretary of the Treasury has long identified the following position as frivolous: "[o]nly certain types of taxpayers are subject to income and employment taxes, such as employees of the Federal government, corporations, nonresident aliens, or residents of the District of Columbia or the Federal territories." I.R.S. Notice 2010-33, Frivolous Positions, 2010-17 I.R.B. 609 (2010); *see also Manente v. Bluemel*, No. 19-9665, 2020 WL 7028551, at *3 (D.N.J. Nov. 30, 2020); *Gunnink v. U.S. Gov't*, No. 08-781, 2008 WL 3166308, at *8 (D. Minn. Aug. 4, 2008) ("Plaintiffs argue that because they are not employees of the Government, they are not subject to taxes. This argument is without merit and has been rejected by numerous courts."), *aff'd*, 356 F. App'x 894 (8th Cir. 2009). Therefore, no reasonable jury could find that the IRS's imposition of frivolous filing penalties on Vito for tax years 2012, 2015, and 2016 was in any way erroneous, and the Court must grant summary judgment in favor of the Government. *See Powers v. Comm'r*, 258 F. App'x 456, 458 (3d Cir. 2007) (affirming the district court's grant of summary judgment in favor of the IRS where "Powers' 2002 tax return, which contains all zeroes and disputes the government's power to tax wages and other forms of 'income,' is entirely frivolous"); *see also Montero v. Comm'r*, 354 F. App'x 173, 175 (5th Cir. 2009) ("Montero reported that he had

received no wages even though Dell had sent him Forms W–2 reporting that it had paid him over $150,000 in both 2003 and 2004.").

## IV. CONCLUSION

Accordingly, for the reasons stated above, **IT IS** on this 28th day of October 2026;

**ORDERED** that Plaintiffs' motions to take judicial notice (ECF Nos. 76–77) are **GRANTED**; and it is further

**ORDERED** that the Government's motion to partially dismiss for lack of subject-matter jurisdiction and for partial summary judgment (ECF No. 48) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' motion for summary judgment (ECF No. 36) is **DENIED**; and it is further

**ORDERED** that judgment is entered in favor of the Government and against Plaintiffs on the Satisfied Refund Claims; and it is further

**ORDERED** that Plaintiffs' Unpaid Refund Claims in the amended complaint (ECF No. 24) are **DISMISSED** without prejudice for lack of subject-matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court is directed to mark this matter closed.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**